**UNITED STATES of America,**
**Appellee,**

v.

**Kwame EL, Defendant–Appellant.**

**No. 08–1686–cr.**

United States Court of Appeals,
Second Circuit.

Feb. 17, 2009.

Darrell B. Fields, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY, for Appellant.

Sharon E. Frase, Assistant United States Attorney (Kevin R. Puvalowski, Of Counsel, and Michael J. Garcia, United States Attorney, on the brief) United States Attorney's Office for the Southern District of New York, for Appellee.

PRESENT: JOSÉ A. CABRANES, RICHARD C. WESLEY, Circuit Judges, EDWARD R. KORMAN,* District Judge.

---

* The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

## SUMMARY ORDER

Defendant–Appellant Kwame El appeals from a March 24, 2008 judgment of conviction of the District Court sentencing him principally to four years' probation, including six months' home confinement after defendant was convicted, after a jury trial, of corruptly endeavoring to obstruct and impede the due administration of the Internal Revenue laws, in violation of 26 U.S.C. § 7212(a). Defendant's sole argument on appeal is that the District Court erred in instructing the jury with respect to the definition of "corruptly" as it appears in § 7212(a). We assume the parties' familiarity with the facts and procedural history of the case.

"We review de novo the propriety of jury instructions. A jury instruction is erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law." *United States v. Rivera*, 546 F.3d 245, 250 (2d Cir.2008) (internal quotation marks and citations omitted). "Reversal is required only if the instructions, viewed as a whole, caused the defendant prejudice." *United States v. Naiman*, 211 F.3d 40, 51 (2d Cir.2000).

Defendant's claim is without merit. The District Court's charge that to act "corruptly" means "to act with the intent to secure an unlawful advantage or benefit either for one's self or for another" is a formulation that we have explicitly accepted. *See United States v. Kelly*, 147 F.3d 172, 177 (2d Cir.1998) ("This is a well-accepted definition of the term 'corruptly' when used in th[e] context [of § 7212(a) ].").  There is nothing in the record to suggest that the instruction was inadequate to inform the jury of the law in this case.

---

* The Honorable Edward R. Korman, of the United States District Court for the Eastern

Accordingly, the March 24, 2008 judgment of the District Court is AFFIRMED.